Appeal by employer and carrier from a decision and award by the State Industrial Board (now Workmen’s Compensation Board), filed February 23, 1945. The award is opposed upon the claim that jurisdiction is maritime. The accident in which the employee-claimant was injured occurred on October 11, 1943. The employer was engaged in the quarrying and transportation of crushed stone. The employee was the captain of the scow “ Audley Clarke ”, which was moored at the Haverstraw quarry dock on the Hudson River. At the time of the accident the scow was being loaded. The employee lived upon the scow. Just prior to the accident he went ashore to procure kerosene for the scow and when returning and while upon the dock, he stumbled over a cable and was injured. After the accident he took the scow, with its cargo down the Hudson River to a point on the Jersey coast near Fort Hancock and returned to the pier at Haverstraw, New York, three days later, where he was treated by a physician for the injuries he received before the trip was made. The issue of jurisdiction was not raised until after the facts surrounding the accident had been disclosed by the testimony. The issue of jurisdiction seems to have been decided mainly upon the ground that the accident happened upon the shore. That fact is not now the sole determining factor. The appellant did not waive the right to raise the issue of jurisdiction. That issue was raised when the facts had been shown by testimony. The case of Norton v. Warner Go. (321 Ü. S. 565), cited by both parties, arose under the Longshoremen’s and Harbor Workers’ Compensation Act (U. S. Code, tit. 33, § 901 et seq.). The Supreme Court held that a boatman, who was the sole employee on a barge afloat on navigable waters which had no motive power, and who was required to live upon the barge but who was not mainly employed in loading, was a member of the crew and excluded from the benefits »of the act. It was also held that the barge was a vessel. Under subdivision (3) of section 24 of the United States Judicial Code (U. S. Code, tit. 28, § 41, subd. [3]), United States courts have original jurisdiction of admiralty causes except that claimants who are not masters or members of a crew may have their rights determined under State compensation statutes. Under subdivision Third of section 256 of the United States Judicial Code (U. S. Code, tit. 28, § 371, subd. Third), jurisdiction of the United States courts is declared to be exclusive of the courts of the several Statés in all civil causes of admiralty or maritime jurisdiction, except that claimants for compensation, other than the master and members of the crew of a vessel, may have their rights determined under the compensation laws of a State. The employee-claimant was a maritime worker. His rights cannot be determined under the State Compensation Law. Award reversed, with costs against the Workmen’s Compensation Board, and claim dismissed. All concur.